# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIK T. ROBINSON,
          Plaintiff,

v.

UNITED STATES FEDERAL
BUREAU OF INVESTIGATION,
          Defendant.

Civil Action No. 06-3359

## MEMORANDUM ORDER

Presently before the court is the report and recommendation of Magistrate Judge M. Faith Angell and defendant United States Department of Justice's objections to that report and recommendation. For the following reasons, the court overrules defendant's objections, and approves and adopts Judge Angell's report and recommendation.

**I.**    **Background**[1]

This litigation stems from plaintiff Erik Robinson's request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, that the Federal Bureau of Investigation ("FBI") provide him with copies of all records related to the organization Clan Na Gael.[2]

---

[1] Because Judge Angell recounted a detailed history of this litigation in her report and recommendation, the court will confine itself to a brief summary.

[2] Clan na Gael has been reported to be the main United-States-based fund-raising body for the Continuity Irish Republican Army, an Irish republican paramilitary group that does not accept the 1998 Belfast Agreement, and has not declared a cease-fire. *See, e.g.*, James Clark & Liam Clarke, *Real IRA cashes in with fake computer games*, Sunday Times (U.K.), Dec. 3, 2000, E4; Diane Roberts, *The Irish-American connection*, St. Petersburg Times, July 23, 2000, 1D; Daniel Jeffreys, *In a darkened New York restaurant*, Daily Mail (London, U.K.), Feb. 24, 2000, 37. The Continuity Irish Republican Army is designated by the Department of State as a foreign

Robinson submitted a series of requests and appeals to the FBI. Dissatisfied with the process, he filed this suit to compel production. While this suit was pending, the FBI produced to Robinson 20 pages of material responsive to his request. The FBI, however, redacted the vast majority of the material on those pages, claiming that the information is exempt from disclosure under various paragraphs of 5 U.S.C. § 552(b).

Robinson is not convinced (a) that the FBI produced all material responsive to his request, or (b) that the material redacted qualified for the claimed exemptions. Thus, he asks the court to compel the FBI to remedy these deficiencies through a motion for *in camera* review, and motion for preparation of a *Vaughn* index, and a motion for sanctions.

Defendant submitted an affidavit from David Hardy, an FBI records-management official, detailing his search process and describing the FBI's reasons for claiming the various exemptions. Contemporaneously, defendant moved for summary judgment on the basis of that affidavit.

## II.    Judge Angell's recommendation

In his declaration, Hardy described in detail the means used to search for information relevant to plaintiff's request. Judge Angell ruled that his description was sufficient to prove that defendant conducted an adequate and reasonable search, and she accordingly granted summary judgment in favor of defendant on that issue. As plaintiff has not objected to this conclusion, this court approves and adopts it as unopposed.

Hardy also described the material redacted using the "categorical approach," that is, he (1) listed each category of exemption defendant relied upon, (2) explained how each exemption applied, and (3) listed the portions of the redacted material linked to each category. In addition, Hardy attached a copy of the redacted documents with the applicable categories listed next to each redaction.

As defendant points out in its objections to the report and recommendation, it claims that the vast majority of the redacted information is exempt under 5 U.S.C. § 552(b)(1), which provides that agencies need not disclose records "specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and . . . in fact properly classified pursuant to such Executive order." Here, the applicable Executive order is E.O. 12958 (1995), which establishes a system for classifying information that, if disseminated, could pose a risk to national security. According to defendant, virtually the entire contents of the responsive records are classified "secret" because they concern "intelligence activities (including special activities), intelligence sources or methods, or cryptology," E.O. 12958 § 1.5(c), and, upon the FBI's review, they must remain so classified. While defendant has

---

terrorist organization. Dep't of State, Pub. Notice 4758, 69 Fed. Reg. 42076-03 (2004).

explained some of the § 552(b)(1) claims further (*e.g.*, some of the information is thought to reveal particular intelligence techniques, some is thought to reveal targets of an investigation, some is thought to reveal intelligence sources), much of the redacted material is not further explained (*e.g.*, page 2, paragraph 2 redacted in entirety under § 552(b)(1), but no further explanation provided; entirety of page 4 redacted under § 552(b)(1) without further explanation).

Judge Angell ruled that, as to the redactions, the Hardy declaration was insufficiently specific. She observed that half of the pages were redacted in their entirety, and that virtually all of the pages included little if any substantive un-redacted material. Relying on *Davin v. U.S. Dep't of Justice*, 60 F.3d 1043, 1051 (3d Cir. 1995), she determined that the Hardy declaration was insufficient because it merely provided generic explanations of what the categorical codes meant; it did not provide any facts specific to documents at issue, nor did it provide the "'connective tissue' between the document[s], the deletion[s], the exemption[s] and the explanation[s]." *Id.*

### III.   Defendant's objections

Defendant contends that the Hardy declaration was sufficiently specific to warrant summary judgment. Specifically, defendant argues that it provided context by revealing that the records produced were compiled in the course of "an investigation pursuant to established Attorney General guidelines." Hardy Decl. at ¶ 69. In other words, these records are the product of a law-enforcement investigation, and defendant is convinced that if it reveals anything more specific, it will compromise the very information it seeks to exempt from disclosure, namely the targets of the investigation, the techniques used, and the persons involved.

Defendant further argues that most of the redactions are made pursuant to the national-security exemption, 5 U.S.C. § 552(b)(1), and that the executive's decision to classify documents in the interest of national security is entitled to substantial deference. *See Am. Friends Serv. Comm. v. Dep't of Def.*, 831 F.2d 441, 444 (3d Cir. 1987). While the court is cognizant of the deference owed defendant, it is still the case that defendant must describe the withheld information with reasonable specificity. *Id.*

The court recognizes that the Hardy declaration may well be the most specific document defendant is capable of submitting without substantial risk of revealing exempt information. It would not be surprising for internal communications related to a law-enforcement investigation to be comprised primarily, perhaps exclusively, of exempt information. However, the court agrees with Judge Angell that the information on record is too vague to allow for meaningful judicial review. Much of the information is redacted with no context other than that the files are the product of an investigation, and the redacted material relates to intelligence activities. This does little more than restate category of exception claimed, and it gives the court has no means of evaluating

defendant's decision not to disclose information, even under a deferential standard of review. *Davin*, 60 F.3d at 1051.

Accordingly, the court will overrule defendant's objections to Judge Angell's report and recommendation, but it will grant defendant's request to file a supplemental affidavit, along with the unredacted records, for *in camera* review. The court will leave it to defendant's discretion to decide whether to submit the unredacted documents themselves, or to rest on a more detailed non-public supplement to its affidavit. Based on defendant's representations, it appears that a more detailed public affidavit might risk disclosing exempt information, and that only *in camera* review would effectively preserve plaintiff's right to meaningful judicial review without compromising defendant's obligation to withhold sensitive material.

* * * *

AND NOW, this 20th day of June, 2008, for the foregoing reasons, it is hereby ORDERED that:

1. The court APPROVES and ADOPTS the report and recommendation of Magistrate Judge M. Faith Angell,

2. Defendant's motion for summary judgment is GRANTED IN PART, and DENIED IN PART WITHOUT PREJUDICE, and

3. Plaintiff's motion for *in camera* review is GRANTED IN PART and DENIED IN PART,

4. Plaintiff's motion for sanctions is DENIED,

5. Plaintiff's motion to compel is DENIED, and

6. Defendant is granted leave to file a renewed motion for summary judgment within 30 days, and, therewith, to submit for *in camera* review a supplemental affidavit and, at defendant's discretion, the unredacted records. That motion will be REFRERRED to Judge Angell for a report and recommendation.

BY THE COURT:
/s/ Louis H. Pollak
_____
Pollak, J.